**Order filed February 2, 2021.**



In The

# Fourteenth Court of Appeals

————————

**NO. 14-21-00050-CR**
**NO. 14-21-00051-CR**

————————

**IN RE JOHN RUSSELL CHATMON, Relator**

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**On Appeal from the 351st District Court**
**Harris County, Texas**
**Trial Court Cause Nos. 1448430 & 1448431**

---

## ORDER

On January 15, 2021, relator Bradley Jared Barton filed two petitions for writs of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. Relator asks this court to compel the Honorable Natalia Cornelio, presiding judge of the 351st District Court of Harris County, to rule on relator's

motions for speedy trial.[1]

Relator's petitions do not comply with the Texas Rules of Appellate Procedure. *See* Tex. R. App. P. 52.3(j) ("The person filing the petition must certify that he or she has reviewed the petition and concluded that every factual statement in the petition is supported by competent evidence included in the appendix or record."); 52.7(a)(1) (requiring relator to file with petition "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding"); 52.7(a)(2) (requiring relator to file with petition properly authenticated transcript of any relevant testimony from any underlying proceeding, including any exhibits offered in evidence, or statement that no testimony was adduced in connection with matter complained).[2]

By this order, the court gives relator 30 days' notice that the petitions will be dismissed for failure to comply with Rules 52.3(j), 52.7(a)(1), and 52.7(a)(2) unless

---

[1] Relator named Judge Cornelio's predecessor of the 351st District Court, the Honorable George Powell, as respondent. Judge Powell ceased to hold the office of presiding judge of the 351st District Court on December 31, 2020. However, because relator is not complaining of an action taken by Judge Powell, it is not necessary to abate this case pursuant to Rule 7.2(b) to allow Judge Cornelio to reconsider any ruling by Judge Powell. *See* Tex. R. App. P. 7.2(b).

[2] The legislature has provided an alternate method of meeting the requirement of sworn copies—an unsworn declaration. *See* Tex. Civ. Prac. & Rem. Code Ann. § 132.001. An unsworn declaration must be in writing and subscribed by the person making the declaration as true under penalty of perjury. *Id.* § 132.001(c). Section 132.001(e) sets forth the form for an unsworn declaration by an inmate:



*Id.* § 132.001(e); *see* Tex. R. App. P. 9.10(c) (exempting in court filing related to criminal matter defendant's date of birth and address from redaction requirement for documents filed in criminal cases).

the deficiencies are cured.  *See generally* Tex. R. App. P. 42.3(c).

PER CURIAM

Panel consists of Justices Bourliot, Zimmerer, and Spain.